UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| TIMOTHY L. HARMS | ) | |
| | ) | |
| Plaintiff, | ) | 2:10-cv-00178 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| PARKER-HANNIFIN CORPORATION, | ) | [Re: Motion at Docket 27 ] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 27, defendant Parker-Hannifin Corporation ("Parker") moves, pursuant to Rule 36(a)(6), for an order deeming certain requests for admission to have been admitted by plaintiff Timothy L. Harms ("Harms") and for permission to read a portion of Harms' complaint to the jury.  Parker also seeks an award of expenses associated with bringing its motion.  Harms opposes the motion at docket 29.  Parker's reply is at docket 31.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Harms is seeking recovery for an eye injury suffered as a result of Parker's allegedly defective automotive refrigerant valve.  Harms is an automotive mechanic and was repairing a refrigeration system when he was struck in the eye by the allegedly

defective part. He filed suit in Arizona state court naming Parker, Earnhardt Chrysler Jeep, Inc. ("Earnhardt"), and Planet Equipment, Inc. ("Planet") as defendants. Earnhardt was Harms' employer, and Planet was the retailer of the allegedly defective part. Earnhardt and Planet were voluntarily dismissed prior to Parker's removal of the case to federal court.

On July 1, 2010, Parker served Harms with requests for admissions. Harms initially responded on July 29, 2010 and supplemented those responses on August 27, 2010. The present motion was filed on September 2, 2010. On September 3, 2010, Harms again supplemented his responses to Parker's request for admissions.

### III. STANDARD OF REVIEW

Under Federal Rule 36(a)(1), "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of [discovery] relating to: (A) facts, the application of law to fact, or opinions about either."[1] In responding, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."[2] "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."[3] Upon motion to determine the sufficiency of an answer, "[o]n finding

---

[1] Fed. R. Civ. P. 36(a)(1).

[2] Fed. R. Civ. P. 36(a)(4).

[3] *Id.*

that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."[4]

## IV.  DISCUSSION

As a preliminary matter, the fact that Harms supplemented his responses a second time–the day after Parker's motion was filed–does not alter disposition of the motion.  Harms' supplemented responses to Requests for Admission 1 and 3 are unchanged.  The substance of Harms' second supplemented response to Request for Admission 9 is exactly the same, although the order of certain statements was altered.

**A. Requests for Admission 1 & 3**

Request for Admission 1 sought admission that "subsequent to the accident of June 28, 2007 [Mr. Harms] returned to work on a full time basis as a Technician with Earnhardt . . . in September, 2007 at a base pay rate of $24.00 per hour."[5]  Harms responded to the first request as follows: "Deny.  Mr. Harms made efforts to return to work after the [sic] he sustained his eye injury and found it difficult to perform as efficiently with his limited vision.  He was not paid an hourly wage but was paid for each job completed during the work day."[6]

Request for Admission 3 asked Harms to admit that "following his layoff by Earnhardt in August 2008, he obtained employment with Tempe Dodge KIA in August

---

[4] Fed. R. Civ. P. 36(a)(6).

[5] Doc. 27-1 at 1.

[6] *Id.*

2008 as a Technician at a base pay rate of $26.00 per hour."[7] Harms' response to Request for Admission 3 was the following: "Deny.  Mr. Harms made efforts to continue his profession as a mechanic after the [sic] he sustained his eye injury and found it difficult to perform efficiently with his limited vision.  He was not paid an hourly wage but was paid for each job completed during the work day at Tempe Dodge Kia."[8]

Parker argues that Mr. Harms' responses are inadequate because they do not respond to the "specific substance of the request[s]"–that Harms "returned to work on a full time basis in September 2007" and that "he obtained employment as a technician with Tempe Dodge in August 2008."[9]  Rule 36 is clear that "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."[10]  It is clear that Harms' responses to Requests for Admission 1 and 3 do not comply with the Rule.  Thus, Parker argues that an order deeming each matter admitted is appropriate.  The problem with Parker's suggested approach is that Harms' responses do deny a portion of each request.  Harms was paid by the job, not by the hour.  Moreover, if the most basic substance of Request for Admission 1 is whether Mr. Harms returned to work, that fact is clearly admitted in Harms' response to Request for Admission 2.[11]  Similarly, with respect to Request for

---

[7]*Id.* at 3.

[8]*Id.*

[9]Doc. 27 at 4.

[10]Fed. R. Civ. P. 36(a)(4).

[11]Doc. 27-1 at 2.

Admission 3, Harms' response to Request for Admission 4 clearly implies Harms did work for Tempe Dodge Kia.

**B. Request for Admission 9**

Request for Admission 9 posits that "at the time he commenced this lawsuit [Mr. Harms] had a good faith basis to believe that Earnhardt 'had been negligent in the use, operation and/or maintenance of the subject automotive refrigerant exchange valve and said negligence caused or contributed to the subject incident.'"[12]  Parker's request quotes Harms' complaint, although without citation.  In Harms' August 27 response, he objected on the basis of attorney-client privilege, and then stated that he "does not have a good faith basis to believe that Earnhardt has any liability for the injury he sustained at issue in this case."[13]  Harms' supplemented response is a one-word denial; his objection and the accompanying statement are found in response to Interrogatory 9.[14]  Parker argues that Harms' response is inadequate because Arizona has an express good faith requirement for all allegations in a complaint.[15]  Harms counters that the good faith belief was not his own, but his lawyer's.  The court agrees, and the response to Request for Admission 9 is deemed sufficient.

The court now turns to the request that the assertion of Earnhardt's responsibility in the complaint should be read to the jury.  This request will be denied.  Even assuming the propriety of attributing to Harms his attorney's belief in Earnhardt's responsibility, the

---

[12]*Compare* doc. 1-1 at 4 *with* doc. 27-1 at 8.

[13]Doc. 27-1 at 8.

[14]Doc. 29-1 at 8.

[15]Ariz. R. Civ. P. 11(a).

court finds its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, the potential that the jury will be misled, and waste of time.[16] The existence of a belief in Earnhardt's negligence prior to discovery lacks significant probative value. On the other hand, allowing the reading of the allegation to the jury threatens to confuse the issue of Parker's potential liability with the separate issue of Earnhardt's liability. Presentation of the earlier-held good faith belief in Earnhardt's liability also has the potential to mislead, insofar as the jury is likely to attach more significance to that belief than it deserves. For similar reasons, presentation of that former belief is a waste of time.

## V.  CONCLUSION

For the foregoing reasons, Parker's motion at docket 27 is **GRANTED** in part and **DENIED** in part as follows:

1) Parker's request that the court deem the matters in Requests for Admission 1, 3, and 9 admitted is **DENIED**.

2) Parker's request that Harms fully respond to the substance of Request for Admission 1 and 3 is **GRANTED**. Harms will serve amended answers to Requests for Admission 1 and 3 such that his responses comply with Rule 36(a)(4). It is expected that Harms will admit the truth of those aspects of the request that are accurate, while either qualifying his answer or denying only inaccuracies.

---

[16] Fed. R. Evid. 403.

3) Parker's motion for leave to read pertinent portions of plaintiff's complaint to the jury is **DENIED**, and the substance of Request for Admission 9 is deemed inadmissible pursuant to Federal Rule of Evidence 403.

Under the circumstances presented, the court declines to award costs.

DATED this 26th day of October 2010.

                                                               /S/
                                              JOHN W. SEDWICK
                                    UNITED STATES DISTRICT JUDGE